HOMANS *& a.* v. CORNING *& a.*

The plaintiff's witness having, on cross-examination, testified to conversations with the defendant, the defendant, called as a witness by the plaintiffs, may be examined on the subject of the same conversations.

A copy of a marriage record, authorized by the law of Vermont to be kept by a justice of the peace before whom the marriage was solemnized, certified by him, is competent evidence of the marriage.

When the purpose or intent with which an act is done is material, the person performing the act may be inquired of as to his purpose.

Statements of fact made by counsel to his client in the absence of the adverse party are not competent evidence.

There is no error of law in excluding evidence which is merely cumulative of other immaterial evidence.

BILL IN EQUITY, to annul the proceedings by which the defendants were declared elected officers of a corporation, to enjoin them from acting as officers, for the delivery of the books, and an accounting. Decree for the plaintiffs. Nothing was reserved but the defendants' exceptions to certain evidence at the hearing, the facts relating to which sufficiently appear in the opinion.

*Carpenter*, *Bingham*, and *Aldrich & Parsons*, for the plaintiffs.

*Ray*, *Drew & Jordan*, *Ladd & Fletcher*, *Dudley & Remick*, and *Shurtleff*, for the defendants.

ALLEN, J.   The bill in equity alleges that the plaintiffs, at an annual meeting of the Upper Connecticut River and Lake Improvement Company, were legally chosen officers of the corporation, but that the defendants were wrongfully declared elected, and are in possession of the records and property of the corporation, and prays for decrees annulling the election proceedings, cancelling certain shares of stock held by the defendants and alleged to have been fraudulently issued, enjoining the defendants from acting as officers, compelling a delivery of the records and property by the defendants to the proper officers, and an accounting by the defendants.   After a hearing the court found for the plaintiffs, and that decrees should be entered as prayed for.

At the hearing, against the defendants' objection, the defendant Corning was called as a witness by the plaintiffs, and testified to conversations with Pearce, in which the latter proposed to buy his stock, about some of which there was a dispute as to his title to it and right to sell.   Pearce had before testified for the plaintiffs, and on cross-examination had been inquired of in regard to the same conversations.

There was no error in permitting the examination of Corning by the adverse party's calling him as a witness.   G. L., *c.* 228, *s.* 15. Pearce having testified in cross-examination to a conversation with Corning and its subject, Corning was properly examined by the plaintiffs on the same subject.

The copy of a record of a marriage in Vermont, before a justice of the peace there, attested by himself, was, subject to the defendants' exception, introduced as evidence of the marriage.   The copy was competent evidence by the law of Vermont.   Gen. St. Vt., *c.* 69, *ss.* 11, 13.   Registers of marriage, authorized by law to be kept by a particular officer, are public registers, and a copy certified by the officer making the entries, and by law entrusted with their custody, is competent evidence of what the record contains. 1 Greenl. Evid., *ss.* 484. 485; *Woods* v. *Banks,* 14 N. H. 101, 109; *Pickard* v. *Bailey,* 26 N. H. 152, 167–169; *Ferguson* v. *Clifford,* 37 N. H. 86, 96.

Pearce was cross-examined as to Smith's intention to charge the cost of certain improvements upon the corporation; and the defendants objected to the plaintiffs' offering Smith's own testimony on the same subject.   If the evidence elicited from Pearce by cross-examination was material, it was proper to inquire of Smith himself about the same matter ; and any purpose which Smith had in regard to the cost of the improvements, and who should bear it, was a proper subject of inquiry.   *Graves* v. *Graves,* 45 N. H. 323 ; *Hale* v. *Taylor,* 45 N. H. 406.   If the evidence was immaterial, the defendants could not have been prejudiced by Smith's testimony, and the finding of the court will not be disturbed by its admission.

The defendant Corning having testified that he first heard at the trial that certificates of some disputed shares of stock had

been issued, the defendants were not permitted to show that one of their counsel told Corning at the hearing that he heard from the opposite party that they had a certificate covering some of the disputed shares. If the fact was material, it was competent to show it. Nothing in the case shows it to have been material; and being immaterial, there was no legal error in the exclusion of evidence that could only be cumulative of Corning's statement, not material. It was not competent evidence to support that statement, for it would not follow from it that Corning might not before the hearing have heard the same fact. The evidence was inadmissible, as containing statements made by counsel to his client in the absence of the other party.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.